UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NEW YORK SMSA LIMITED                              :
PARTNERSHIP, d/b/a Verizon Wireless; and           :
HOMELAND TOWERS, LLC,                              :
                Plaintiffs,                    :
v.                                                 :
                                                :
VILLAGE OF NELSONVILLE; VILLAGE OF                 :
NELSONVILLE VILLAGE BOARD;                         :    **MEMORANDUM OPINION**
VILLAGE OF NELSONVILLE ZONING                      :    **AND ORDER**
BOARD OF APPEALS; VILLAGE OF                       :
NELSONVILLE PLANNING BOARD;                        :    18 CV 5932 (VB)
MINDY JESEK, FOIL Officer and Village              :
Clerk, in her official capacity; and BUILDING      :
INSPECTOR WILLIAM BUJARSKI, in his                 :
official capacity,                                 :
                Defendants.                    :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiffs New York SMSA Limited Partnership, doing business as Verizon Wireless, and Homeland Towers, LLC, sue defendants the Village of Nelsonville (the "Village") and various associated entities and officials, principally alleging defendants violated the Telecommunications Act of 1996, Pub. L. No. 104-104, 110 Stat. 56, when they denied plaintiffs' applications for a permit and zoning variance required to construct a monopole providing cellular service.

      Before the Court is a motion to intervene filed by two Nelsonville residents: Richard O. Villella and Courtney S. Tarply (collectively, the "proposed intervenors"). (Doc. #12).

      For the reasons set forth below, the motion is DENIED WITHOUT PREJUDICE.

## BACKGROUND

      The Court briefly summarizes the nature of the case to the extent necessary to resolve the pending motion. Plaintiffs wish to construct a 110-foot-tall cell tower (the "facility") at 15

1

Rockledge Road (the "site"), within the Village, to remedy an alleged gap in cellular coverage. Plaintiffs seek, among other things, an order directing the Village to issue all permits and authorizations required for plaintiffs to begin constructing the facility. Defendants oppose plaintiffs' efforts to construct the facility, arguing plaintiffs' permit and variance applications were properly denied.

The proposed intervenors own property at 16 Rockledge Road—a parcel adjacent to the site. They say the site (i.e., 15 Rockledge Road) is landlocked and accessible only by a private road (the "road") that passes through the proposed intervenors' property. Plaintiffs' plan for the facility requires that the road through the proposed intervenor's property be widened, resurfaced, and otherwise improved.

According to the proposed intervenors, plaintiffs' permit and variance applications list as the "Owner" or "Applicant" the proposed intervenors' neighbor, who owns the site at 15 Rockledge Road. The neighbor apparently has a right-of-way over the road through the proposed intervenors' property. According to the proposed intervenors, the neighbor has falsely stated he has authority to unilaterally authorize plaintiffs to improve the road.

The proposed intervenors assert that plaintiffs' permit and variance applications do not recognize the proposed intervenors' property interest in the private road across their land, nor has the Village considered that interest when assessing plaintiffs' applications.

## DISCUSSION

I. <u>Intervention as of Right</u>

Intervention as of right is governed by Rule 24(a), under which a would-be intervenor "must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not

protected adequately by the parties to the action." United States v. City of New York, 198 F.3d 360, 364 (2d Cir. 1999) (quoting Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir. 1996)). "Failure to satisfy any one of these requirements is a sufficient ground to deny the application." Id. (quoting Catanzano v. Wing, 103 F.3d at 232).

Here, the proposed intervenors fail to show they have an interest defendants will not adequately protect.

Generally, the adequate protection requirement imposes "only a 'minimal burden'" on the proposed intervenor. New York v. Gutierrez, 2008 WL 5000493, at *7 (E.D.N.Y. Nov. 20, 2008) (quoting Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972)) (citation omitted). But when a proposed intervenor and a current party share "an identity of interest"—for instance, when they "make the same arguments and have the same objective"—the proposed intervenor "must rebut the presumption of adequate representation by the party already in the action." Verizon N.Y. Inc. v. Jewish People for Betterment of Westhampton Beach, 556 F. App'x 50, 52 (2d Cir. 2014) (summary order) (quoting Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 179–80 (2d Cir. 2001)). To do so, a proposed intervenor may offer, for example, "evidence of collusion, adversity of interest, nonfeasance, or incompetence" by the named party sharing the same interest. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d at 180; see Great Atl. & Pac. Tea Co. v. Town of East Hampton, 178 F.R.D. 39, 42–43 (E.D.N.Y. 1998) (collecting cases).

The proposed intervenors do not argue any defendant has participated in collusion, exhibited nonfeasance, or acted with incompetence. Nor are proposed intervenors' and defendants' interests adverse: to the contrary, as to the subject of this lawsuit—namely, whether

3

plaintiffs' variance and permit applications were properly denied under the Telecommunications Act—proposed intervenors and defendants want precisely the same outcome.

Moreover, the Court agrees with plaintiffs that the proposed intervenors' dispute with their neighbor is best pursued in a separate lawsuit—not in the instant case, which concerns only whether the Village complied with a federal statute governing the telecommunications industry.

Because the Court concludes the proposed intervenors have not shown defendants will inadequately protect the proposed intervenors' interests in this case, the Court need not address the other requirements for intervention as of right.

Accordingly, the proposed intervenors' request to intervene as of right is denied.

However, exercising its discretion, the Court will deny the request without prejudice to refiling if the circumstances materially change as this action progresses.

II.     Permissive Intervention

As for permissive intervention, Rule 24(b)(1) provides that on timely motion, the Court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. When assessing a request to intervene by permission, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Permissive intervention lies within the Court's "broad discretion." AT&T Corp. v. Sprint Corp., 407 F.3d 560, 561 (2d Cir. 2005).

Exercising that discretion, the Court declines to allow permissive intervention in this case. For the reasons above, defendants' and the proposed intervenors' interests are aligned: both believe defendants properly denied plaintiffs' permit applications, and both share the principal aim of ensuring the facility is not constructed. The Court also finds the existing parties would experience undue delay if permissive intervention were permitted in this case, which

Congress directs must be heard and decided "on an expedited basis." 47 U.S.C. § 332(c)(7)(B)(v).

## CONCLUSION

The motion to intervene is DENIED WITHOUT PREJUDICE.

The Clerk is directed to terminate the motion. (Doc. #12).

Dated: April 26, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge